# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

CLINT P. DAVIS,                              )
                                             )
    Plaintiff,                       )
                                             )
v.                                           )    No. 3:10-CV-59
                                             )    (Phillips)
HERITAGE CRYSTAL CLEAN, LLC,                 )
                                             )
    Defendant.                       )

## MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's Motion to Consolidate [Doc. 10 in Case No. 3:10-CV-59]. Plaintiff moves the Court to consolidate this action (hereafter, "Heritage Crystal") with Clint P. Davis v. Fountain Indus. Co., Case No. 3:10-CV-220 (hereafter, "Fountain Indus."). Plaintiff requests that the cases be consolidated for discovery and trial purposes.

The defendant, Heritage Crystal Clean, LLC ("Heritage Crystal"), has not responded to the motion. For the following reasons, Plaintiff's Motion to Consolidate [Doc. 10 in Case No. 3:10-CV-59] is **GRANTED IN PART AND DENIED IN PART.**

## I.     BACKGROUND

This is a product liability action concerning an "Industrial Parts Cleaner" (hereafter, "Parts Washer"). [Plaintiff's Complaint, Doc. 1, at 2, ¶ 6, Case No. 3:10-CV-59]. A Parts Washer is a machine "used to clean components of other machines and tools used in the plant through the use of chemical solvents and agitation." [Id.]. Plaintiff alleges that while he was working for Aluminum Company of America ("ALCOA"), he was injured when a Parts Washer "designed, manufactured,

1

installed and/or maintained by Defendant Heritage failed during operation." [Plaintiff's Motion to Consolidate, Doc. 10, at 1, Case No. 3:10-CV-59]. The incident allegedly occurred on May 13, 2009. [Id., at 3, ¶¶ 10-17]. Plaintiff alleges that he suffered back injuries as a result of the alleged failure. [Id.].

On February 18, 2010, Plaintiff filed a product liability action against Heritage Crystal. [Plaintiff's Complaint, Doc. 1, Case No. 3:10-CV-59]. In Count I, Plaintiff alleges that at the time of the manufacture and/or sale of the Parts Washer, it was (1) in a defective condition; and/or (2) unreasonably dangerous. [Id., at 4, ¶¶ 18-24]. In Count II, Plaintiff alleges that the Parts Washer was negligently designed or manufactured. [Id., at 5-6, ¶¶ 26-37]. In Count III, Plaintiff alleges that Heritage Crystal intentionally or recklessly sold a dangerous product. [Id., at 7, ¶¶ 38-43]. In Count IV, Plaintiff alleges that Heritage Crystal breached warranties, both express and implied. [Id., at 7-8, ¶¶ 44-47].

The complaint in Fountain Indus., Case No. 3:10-CV-220, is nearly identical. Specifically, Plaintiff alleges that Fountain Industries designed, manufactured, and then sold the Parts Washer to Heritage Crystal. [Plaintiff's Complaint, Doc. 1, at 2, ¶ 6, Case No. 3:10-CV-220]. Plaintiff alleges that Heritage Crystal and/or Fountain Industries Company then sold or installed the Parts Washer at the Aloca plant where Plaintiff was allegedly injured. [Id.]. It is not clear who manufactured the product, sold it, or installed it. In its Answer, Heritage Crystal alleges that Fountain Industries Company designed and manufactured the Parts Washer. [Heritage Crystal's Answer, Doc. 5, at 2, ¶ 7, Case No. 3:10-CV-59].

At the time the Heritage Crystal case was filed, "Plaintiff believed that Defendant Heritage designed and manufactured the subject machine and there were no identifying labels on the machine

confirming another potential manufacturer." [Plaintiff's Motion to Consolidate, Doc. 10, at 1, Case No. 3:10-CV-59]. After Heritage Crystal filed its Answer, Plaintiff then filed a separate action against Fountain Industries Company. [Plaintiff's Complaint, Doc. 1, Case No. 3:10-CV-220]. The Fountain Indus. action is based upon similar facts and circumstances as the Heritage Crystal action. Specifically, both actions are based upon the "subject parts washer, its alleged failure and all of Plaintiff's alleged injuries and damages." [Plaintiff's Motion to Consolidate, Doc. 10, at 2, Case No. 3:10-CV-59].

Plaintiff now moves to consolidate the instant case and Fountain Indus., Case No. 3:08-CV-220, "for all purposes including discovery and trial." [Id., at 1]. Heritage Crystal has not responded to the motion.

## II.    ANALYSIS

Rule 42 of the Federal Rules of Civil Procedure provides, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R Civ. P. 42(a). "Whether actions involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court ...." Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir. 1993). "Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors[,] including the risk of inconsistent adjudications of common factual and legal issues, the burden on parties [and] witnesses[,] and available judicial resources." Carpenter v. GAF Corp., Nos. 90-3460, 90-3461, 1994 WL 47781, at *1 (6th Cir. Feb. 15, 1994) (per curiam) (quotation removed); *accord, e.g.*, Cantrell, 999 F.2d at 1011.

The Court finds that consolidation of these actions is appropriate for discovery only. An examination of the complaint in <u>Fountain Indus.</u>, Case No. 3:10-CV-220, confirms that the cases involve common issues of law and fact. Indeed, the complaints are nearly identical and involve similar parties. Furthermore, it appears that consolidation would further the interests of judicial administration and economy, as proof in each case may overlap. Finally, the risk of prejudice and confusion by consolidation will be minimal, as the consolidation is only for discovery purposes. The Court will decide at a later date whether the cases should be consolidated for trial purposes as well.

III.    **CONCLUSION**

Accordingly, for good cause stated, Plaintiff's Motion to Consolidate [Doc. 10 in Case No. 3:10-CV-59] is **GRANTED IN PART AND DENIED IN PART**, whereby Case Nos. 3:10-CV-59 and 3:10-CV-220 are **CONSOLIDATED** for **purposes of discovery only**. Case No. 3:10-CV-59 shall be designated as the lead case, and all filings shall be made in Case No. 3:10-CV-59.


**IT IS SO ORDERED**.


**ENTER:**


_____ s/ Thomas W. Phillips _____
United States District Judge