# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| CLINT P. DAVIS, | ) | |
|      Plaintiff, | ) | |
| | ) | **No. 3:10-cv-59** |
| v. | ) | **(Phillips/Guyton)** |
| | ) | **(Lead Case for Discovery** |
| HERITAGE CRYSTAL CLEAN, LLC, | ) | **Purposes Only)** |
|      Defendant, | ) | |

**and**

| | | |
|---|---|---|
| CLINT P. DAVIS, | ) | |
|      Plaintiff, | ) | |
| | ) | |
| v. | ) | **No. 3:10-cv-220** |
| | ) | **(Phillips/Guyton)** |
| FOUNTAIN INDUS. CO., | ) | |
|      Defendant, | ) | |

## ORDER

This matter comes before the Court on the parties' Joint Motion to Continue and Consolidate [3:10-cv-59, Doc. 14; 3:10-cv-220, Doc. 18] and Plaintiff's Motion in the Alternative for Leave to File Voluntary Dismissal Without Prejudice [3:10-cv-59, Doc. 16; 3:10-cv-220, Doc. 20]. The parties request an Order (1) consolidating these two matters for both discovery and trial; (2) continuing the trial date and revising the scheduling orders in these matters; (3) requiring the parties to exchange or supplement any Rule 26 disclosures not already exchanged on or before March 2, 2012 for use in the subject depositions; and (4) requiring the parties to conduct, on or before April 30, 2012, all fact witness depositions necessary to confirm the location and/or final disposition of the industrial parts cleaning machine giving rise to this action. Should the Court deny

the parties' Joint Motion, Plaintiff Clint P. Davis requests in the alternative that the Court voluntarily dismiss these actions without prejudice.

Rule 42 of the Federal Rules of Civil Procedure provides, "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "Whether actions involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . ." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). "Cases should be consolidated if the risks of prejudice and confusion are outweighed by other factors[,] including the risk of inconsistent adjudications of common factual and legal issues, the burden on parties [and] witnesses[,] and available judicial resources." *Carpenter v. GAF Corp.*, Nos. 90-3460, 90-3461, 1994 WL 47781 (6th Cir. Feb. 15, 1994) (quotation removed).

Both of these cases arise from an injury sustained by Plaintiff Clint P. Davis on May 13, 2009, while Davis was operating an industrial parts cleaning machine at Aluminum Company of America ("Alcoa") in Alcoa, Tennessee. Defendant Fountain Industries Company designed and manufactured the machine, and sold the machine to Defendant Heritage Crystal Clean, LLC. Heritage then leased the machine to Alcoa and performed routine inspections of and maintenance on the machine pursuant to a maintenance agreement with Alcoa. Davis has alleged causes of action against both Fountain and Heritage for strict products liability, negligence, and breach of warranty. Plaintiff states an additional claim against Heritage for intentional and/or reckless conduct.

The Court finds that consolidation of these cases is appropriate, as the cases stem from the same nucleus of facts and concern common questions of law. For good cause shown, and

in light of the judicial economy that consolidation will promote, the parties' Joint Motion to Continue and Consolidate [3:10-cv-59, Doc. 14; 3:10-cv-220, Doc. 18] is **GRANTED**. Case numbers 3:10-cv-59 and 3:10-cv-220 are **CONSOLIDATED**, with case number 3:10-cv-59 designated as the lead case. All future filings are to be made in the lead case, 3:10-cv-59, and the Clerk is **DIRECTED** to administer these cases as consolidated for all future proceedings. In addition, the following changes are made to the schedule in this matter:

1. The trial of this case is continued and shall commence on **TUESDAY, FEBRUARY 26, 2013, at 9:00 a.m.**;

2. The final pretrial conference is continued and shall commence on **MONDAY, FEBRUARY 18, 2013, at 1:30 p.m.**;

3. The parties are required to exchange or supplement any Rule 26 disclosures not already exchanged on or before April 20, 2012 for use in the subject depositions;

4. The parties are required to conduct, on or before May 14, 2012, all fact witness depositions necessary to confirm the locations and/or final disposition of the industrial parts cleaning machine giving rise to this action; and

5. All other deadlines contained in the Scheduling Orders previously entered in this case shall be adjusted to correspond to the new trial date.

Finally, because the Court grants the parties' joint motion, Defendant's Motion in the Alternative for Leave to File Voluntary Dismissal Without Prejudice [3:10-cv-59, Doc. 16; 3:10-cv-220, Doc. 20] is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge

-3-